**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DDRA CAPITAL, INC.**, a Nevada Corporation, and **JOHN K. BALDWIN**, <br><br> Plaintiffs, <br><br> v. <br><br> **KPMG, LLP**, <br><br> Defendant. | 1:07-cv-158 |

TO:  Gordon C. Rhea, Esq.
     Maria Tankenson Hodge, Esq.

## ORDER

THIS MATTER came before the Court upon KPMG[,] LLP's Motion to Extend the Time to Depose Plaintiffs, to Require Plaintiffs to Appear for Their Depositions in the Virgin Islands, and For Leave to Take Additional Depositions (Docket No. 120). Plaintiffs have filed a response to said motion, and Defendant has filed a reply thereto.

It is well established that decisions concerning discovery is committed to the sound discretion of the Court. *See, e.g., Chatterjee v. Philadelphia Federation of Teachers*, 214 Fed. Appx. 201, 208 (3d Cir. 2007) ("A district court has broad discretion in the conduct of discovery" (citation omitted)); *Marroquin-Manriquez v. Immigration and Naturalization*

*Service*, 699 F.2d 129, 134 (3d Cir. 1983) ("It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court . . . ." (citation omitted)).

Federal Rule of Civil Procedure 30(a)(2) requires:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 . . . (ii) the deponent has already been deposed in the case . . . .

Fed. R. Civ. P. 30(a)(2).

Defendant has provided, in its Memorandum of Points and Authorities in Support of its Motion, detailed reasons for its requests for additional time to depose Plaintiffs and for the additional five (5) fact witness depositions, as well as the testimony sought, and the necessity of each. Upon due consideration thereof, the Court finds that the proposed depositions are relevant, are not unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, and their burden does not outweigh their benefit.

The parties have indicated that they have resolved the issue of the location of Plaintiffs' deposition. Thus, the request to require Plaintiffs to appear in the Virgin Islands for their depositions is moot.

Accordingly, it is now hereby **ORDERED**:

1. KPMG[,] LLP's Motion to Extend the Time to Depose Plaintiffs, to Require Plaintiffs to Appear for Their Depositions in the Virgin Islands, and For Leave to Take Additional Depositions (Docket No. 120) is **GRANTED IN PART AND DENIED IN PART**.

2. KPMG, LLP, may depose Mr. Baldwin and Mr. Scott, for two days, totaling 14 hours, each.

3. KMPG, LLP, may notice the depositions of fifteen (15) fact witnesses, from the eighteen (18) individuals identified in its Memorandum of Points and Authorities, in addition to Plaintiffs.

ENTER:

Dated: November 17, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE