NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| DDRA CAPITAL, INC. and John K. BALDWIN, <br><br> Plaintiffs, <br><br> v. <br><br> KPMG, LLP, <br><br> Defendant. | Civ. No. 04-0158 <br><br> **OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter has come before the Court upon the Motion Pursuant to Rule 41(b) to Dismiss RICO Arbitration Claims for Failure to Prosecute by Defendant KPMG, LLP ("Defendant"). (ECF No. 385.) Plaintiffs DDRA Capital, Inc. and John Baldwin (collectively "Plaintiffs") oppose this Motion. (ECF No. 394.) The Court has decided this Motion based on the written submissions and oral argument on January 29, 2018. For the reasons stated below, this Motion is granted.

## BACKGROUND

For the purpose of this Motion, the Court will limit the background to the procedural history of Plaintiffs' RICO claims that Defendant seeks to dismiss. On December 7, 2004, Plaintiffs filed the instant lawsuit. (ECF No. 1.) The operative complaint, the Second Amended

---

[1] The Hon. Anne E. Thompson, United States District Court Judge for the District of New Jersey, sitting by designation.

1

Complaint, was filed October 19, 2005 pleading six causes of action: (I) breach of fiduciary duty, (II) fraud, (III) negligent misrepresentation, (IV) negligence, (V) violation of 18 U.S.C § 1962(c), (VI) violation of 18 U.S.C. § 1962(d), (VIII) restitution, (IIX) federal securities fraud, and (IX) securities fraud in violation of Nevada statute. (ECF No. 10.) On October 13, 2006, Judge Raymond L. Finch compelled arbitration as to any claims against KPMG arising from its relationship with De Castro.[2] (ECF No. 24.) On February 19, 2008, Defendant moved for clarification, "seek[ing] the Court's guidance on the effect of its October 13, 2006 Memorandum Opinion and Order." (Def.'s Mot. Clarification at 1, ECF No. 64.) On November 25, 2008, the Court issued an order compelling arbitration of Counts five (V) and six (VI), the RICO claims which arise out of Defendant's relationship with De Castro. (ECF No. 76.)

On June 6, 2014, this Court granted summary judgment in Defendant's favor on all remaining counts (ECF No. 371) and subsequently ordered that "Plaintiffs' arbitration claims are dismissed with prejudice on grounds of res judicata" (ECF No. 379). Plaintiffs appealed, and on September 6, 2017, the Third Circuit affirmed in part and reversed in part. *See generally DDRA Capital, Inc. v. KPMG, LLP*, 2017 WL 3887793 (3d Cir. Sept. 6, 2017). The Third Circuit concluded that there was sufficient evidence for a jury to resolve the negligence claim, and therefore, Plaintiffs' RICO claims should no longer be dismissed on res judicata grounds. *Id.* at *8. The Third Circuit declined to consider Defendant's previously advanced failure to prosecute arguments on the RICO claims.

---

[2] De Castro referred to the law firm De Castro, West, Chodorow, Glickfield & Nass, Inc., from whom Plaintiffs received opinion letters regarding the legality of the Short Option Strategy tax shelter proposed by KPMG. (*See* Summ. J. Op. at 18, ECF No. 371.)

2

This Court received its mandate on October 31, 2017 (ECF No. 383) and advised the parties that it was prepared to proceed consistent with the Third Circuit's opinion and that the parties should submit any renewed arguments or supplemental briefs for the Court's consideration (ECF No. 384). Defendant filed the present renewed Motion Pursuant to Rule 41(b) to Dismiss RICO Arbitration Claims for Failure to Prosecute on November 20, 2017 (ECF No. 385), Plaintiffs opposed on December 15, 2018 (ECF No. 394), and Defendant replied (ECF No. 404). On January 29, 2018, the Court heard oral argument on all pending motions, including this Motion, and the next day granted the present Motion to Dismiss, indicating that an Opinion would follow (ECF No. 419). The following Opinion details the Court's rationale.

## LEGAL STANDARD

Pursuant to the Federal Rules, "a defendant may move to dismiss an action or any claim against it" based on the plaintiff's failure to prosecute, comply with the Federal Rules, or comply with any court orders. Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit set forth six equitable factors that should be balanced when determining whether dismissal is the appropriate remedy:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d at 868 (emphasis in original)). District courts are required "to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013). The Third Circuit has made clear that all six of the factors need not be satisfied to justify dismissal, and likewise, no one factor is

3

dispositive in the balancing analysis. *Briscoe*, 538 F.3d at 263 (internal citations omitted). Ultimately, it is within the district court's discretion to invoke dismissal pursuant to Rule 41(b). *Thomas v. Bonnano*, 2014 WL 642446, at *1 (D.V.I. Feb. 19, 2014).

## DISCUSSION

Defendant argues that Plaintiffs' RICO claims should be dismissed for failure to prosecute through arbitration and failure to comply with the Court's November 25, 2008 order to proceed to arbitration. (*See generally* Def.'s Mem., ECF No. 385-1.) Plaintiffs respond that "[t]he six *Poulis* factors weigh heavily against Defendant and against dismissal here." (Pls.' Opp'n at 3, ECF No. 394.) The following analysis of the *Poulis* factors are required for this Court's January 29, 2018 decision.

*Extent of Personal Responsibility.* Courts look to whether the party itself is personally responsible for the delay leading to dismissal. *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). However, this factor is not conclusive "because a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868. Although the Court has no evidence to conclude that Plaintiffs personally directed counsel to avoid initiating arbitration, "it is improbable that [they were] unaware that there was no activity." *Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537 (E.D. Pa. 2006). Plaintiffs argue that they were not responsible: delays in this case and any failure to arbitrate were a result of changing judges, extended discovery, and appeal—not their own fault. (Pls.'s Opp'n at 5.) Considering the sophistication of these businessmen Plaintiffs, it is unlikely that they were unaware that these factors would not excuse a failure to proceed to arbitrate specific claims.

4

*Prejudice to the Adversary.* "Prejudice need not be 'irremediable harm'"—"[e]xamples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 875 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Plaintiffs claim that Defendant faces no prejudice because it has been aware of these claims from the filing of the litigation and "[i]t is unclear what further discovery Defendant would seek that has not already been completed within the context of this litigation." (Pls.' Opp'n at 5.) Defendant, however, appropriately notes that the RICO claims involve additional elements than the other Counts—namely, "enterprise through a pattern of racketeering"—and thus facts and parties that are not inherently part of the other claims. (Def.'s Mem. at 8–9 (citing 18 U.S.C § 1962(c), (d)).) Like in *Herrman* where the underlying events in the case occurred over twelve years ago, "[i]t is likely to be difficult for [Defendant] to locate relevant witnesses" for the RICO claims. 450 F. Supp. 2d at 542–43. (*See* Tr. 156:22–157:6 (noting that some witnesses have not been contacted in a decade and at least one witness has died).)[3] Even if additional witnesses are reachable, the Court can still "reasonably infer that a delay of the present magnitude has inevitably caused memories to fade." *Herrman*, 450 F. Supp. 2d at 543 (quoting *Winward Agency Inc. v. Cologne Life Reinsurance Co.*, 353 F. Supp. 3d 538, 540 (E.D. Pa. 2003)).

*History of Dilatoriness.* The conduct for which dismissal is sought "must be evaluated in light of [a party's] behavior over the life of the case." *Adams*, 29 F.3d at 875. Neither Defendant nor the Court describes Plaintiffs' conduct as blatantly dilatory or non-cooperative

---

[3] Citations to the transcript ("Tr.") refer to the transcript of oral argument held on January 29, 2018 before this Court.

5

with respect to the entire case. (*See* Def.'s Reply at 1, ECF No. 404.) Nevertheless, the clarifying order to arbitrate was issued by Judge Finch on November 25, 2008, two years after the initial order to arbitrate, and over nine years ago. It is true that this Court's summary judgment opinion dismissed the RICO claims on res judicata grounds in 2014; however, there were still five and a half years during which Plaintiffs could have commenced arbitration prior to dismissal and the Third Circuit appeal. (*Id.* at 5.) Despite Plaintiffs' involvement in other respects, the Court cannot ignore this "significant and inexcusable delay." *Adams*, 29 F.3d at 875 (describing four and a half years as "significant and inexcusable"). The changes in presiding judges and extended discovery do not excuse the failure to commence arbitration proceedings outside of this Court and are inherently immaterial to activity on this Court's docket.

*Willful or Bad Faith Conduct.* Failure to prosecute or comply with orders "may consist of deliberate delay or simple inaction." *Herrman*, 450 F. Supp. 2d at 543. This factor, however, considers whether there was "intentional or self-serving behavior," *Adams*, 29 F.3d at 875, or conduct amounting to "an intentional disregard for th[e] case and the court's instructions," *Stanford v. Bracewell LLP*, 2017 WL 2797869, at *10 (E.D. Pa. June 27, 2017) (alteration in original) (quoting *Metro Metals USA v. All-State Diversified Prods., Inc.*, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013)). The Court finds this factor particularly persuasive. In their brief, Plaintiffs deny Defendant's assertion that they delayed arbitration to obtain some strategic advantage; instead, they cast the plan to arbitrate after trial as the most efficient litigation route. (Pls.' Opp'n at 6.) At oral argument, Plaintiffs' counsel qualified it was not "strategic in the sense that [it was] going to benefit a specific party," but then conceded that this decision was strategic to the extent that it was the best way to move the case forward and made "the best sense as far as gathering the evidence, in our judgment." (Tr. 18:21–19:2.) Although not improper,

6

the Court construes this conduct as sufficiently self-serving. Plaintiffs intended to wait to arbitrate the RICO claims in order to reap the benefits of discovery conducted in anticipation of trial. Plaintiffs could have pursued this same course of action by seeking leave of the Court, but willfully neglected to do so. As Defendant noted, Plaintiffs signaled this intention in a joint stipulation for the Ninth Amended Scheduling Order submitted to the Court on April 12, 2011 (ECF No. 213). (*See* Def.'s Mem. at 4; Tr. 9:14–19.) The order issued by Judge Legrome Davis, however, made no reference to delaying arbitration (ECF No. 214), and subsequently, Plaintiffs never officially sought leave of the Court to postpone arbitration. On these facts the Court cannot find, as Plaintiffs contend, that Defendant agreed to wait and is thus estopped from challenging their strategic choice. (*See* Pls.' Opp'n at 2.)

*Effectiveness of Alternative Sanctions.* "A District Court must consider the availability of sanctions alternative to dismissal." *Briscoe*, 538 F.3d at 262. Where represented by counsel, such alternatives under the Federal Rules include imposing expenses or fees on the attorneys responsible for delay. *Id.*; *Poulis*, 747 F.2d at 869. Defendant has not pled that the delay in initiating arbitration caused it to incur any excess costs that the Court could require Plaintiffs to compensate. Without such alternatives and at this late stage, "a sanction of last resort" such as dismissal seems most appropriate. *Poulis*, 747 F.2d at 869.

*Meritoriousness of the Claim.* The final factor is assessed under the standard used for Rule 12(b)(6) motions to dismiss for failure to state a claim. *H. Douglas & Assoc., LLC v. V.I. Conf.*, 2010 WL 11565433, at *3 (D.V.I. Jan. 15, 2010). Assuming that the claim has merit and is sufficiently pled, this factor is neutral. *See Mendez v. Puerto Rican Int'l Cos., Inc.*, 2013 WL 5460438, at *7 (D.V.I. Sept. 27, 2013). Nonetheless, "the Court need not make a determination on the sixth *Poluis* factor to find in favor of [the moving party's] motion." *Tallard Tech., Inc. v.*

7

*IProvide Grp., Inc.*, 2013 WL 2319418, at *3 (D.V.I. May 22, 2013) (alteration in original) (quoting *Ramada Worldwide, Inc. v. Veer Enter., LLC*, 2013 WL 1314451, at *5 (D.N.J. Mar. 28, 2013)).

On balance, dismissal of Plaintiffs' RICO claims is appropriate. Although Plaintiffs contemporaneously issued a notice to arbitrate with their opposition brief to this Motion (*see* Pls.' Opp'n at 8), this gesture is too little, too late. The Court is satisfied that the remaining negligence claim provides Plaintiffs an opportunity to litigate a cause of action that encompasses the underlying events and interactions between the parties and sufficiently covers any lost RICO claims.

## CONCLUSION

For the reasons stated above, Defendant's renewed Motion to Dismiss Plaintiffs' RICO arbitration claims is granted, and Plaintiffs' RICO claims, Counts V and VI, are dismissed with prejudice.

Date: 2/9/18

ANNE E. THOMPSON, U.S.D.J.

8